IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHNATHAN LEWIS,** | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | |
| v. | : | No.: 2:25-CV-01201 |
| | : | |
| **NEW JERSEY MANUFACTURERS** | : | |
| **INSURANCE COMPANY,** | : | |
| **Defendant.** | : | |

MEMORANDUM

**SITARSKI, M.J.**                                                                                          **October 22, 2025**

Presently pending before the Court is Defendant's Motion to Dismiss (ECF No. 6), Plaintiff's response (ECF No. 8), and Defendant's reply (ECF No. 9). For the reasons that follow, Defendant's motion is **GRANTED**.

I.   **FACTUAL AND PROCEDURAL HISTORY**[1]

On November 19, 2021, Johnathan Lewis (Plaintiff) suffered injuries to his cervical and lumbar spine due to a motor vehicle accident. (Compl., ECF No. 6-3, at ¶ 7). On February 12, 2024, Plaintiff put his automobile insurer, New Jersey Manufacturers Insurance Company (Defendant), on notice of his intent to pursue an underinsured motorist (UIM) claim under his policy. (*Id.* at 10). Defendant responded that day acknowledging the claim; invoking the applicable statute of limitations; requesting Plaintiff's medical records, the other driver's insurance coverage information, and documentation of any settlement negotiations with her; and enclosing a HIPAA Authorization Form for Plaintiff or his attorney to complete and return. (*Id.*

---

[1] The facts set forth herein are taken from Plaintiff's complaint and the attached documents and are assumed to be true for purposes of the instant motion.

at Ex. B). On March 7, 2024, Plaintiff sent Defendant 15 documents from his medical file, but these did not include the HIPAA form and he does not allege that it was sent at some other time. (*Id.* at Ex. D). On March 26, 2024, Defendant sent Plaintiff correspondence authorizing him to accept the settlement offer from the other driver's insurance company, (*id.* at Ex. C); however, he does not identify any further communications between the parties to this litigation.

On February 4, 2025, Plaintiff filed a complaint in state court against Defendant asserting claims against it for breach of contract (Count I) and bad faith (Count II). (Compl., ECF No. 6-3, at ¶¶ 1-32). On March 12, 2025, Defendant filed this motion to dismiss the bad faith claim as insufficiently pled. (Mot. to Dism., ECF No. 6). On March 26, 2025, Plaintiff filed a response, and the following day Defendant filed a reply. (Resp., ECF No. 8; Reply, ECF No. 9). On June 23, 2025, this matter was reassigned from the Honorable Jose R. Arteaga to me for all further proceedings. (Order, ECF No. 14).

## II.     LEGAL STANDARD

When analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and . . . construe them in a light most favorable to the non-movant." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). Yet, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Courts may rely on the complaint, attached exhibits, and matters of public record in ruling on a motion to dismiss. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). A claim is plausible on its face when the factual content that the plaintiff pleads affords a reasonable inference that the defendant is liable for the misconduct alleged. *Id*. (citing *Bell Atl. Corp.*, 550 U.S. at 556). Plausibility is distinct from a probability requirement as it asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id*. If the facts contained in the complaint only show consistency with a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Bell Atl. Corp.*, 550 U.S. at 557).

### III.   DISCUSSION

#### A.   The Parties' Positions

After setting forth the background law on Pennsylvania bad faith claims, Defendant emphasizes that courts have dismissed claims as implausible under *Twombly* and *Iqbal* where, as here, they rely solely on boilerplate allegations of the submission of a claim and supporting records coupled with disagreement about the adjustment of the claim. (Memo. in Supp. of Mot. to Dism., ECF No. 6-1, at 2-4 (citing *Pasqualino v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 3444288, at *5 (E.D. Pa. 2015) for the proposition that the plaintiff must do more than identify a delay and must instead specify what was unfair) (additional citations omitted)). Defendant further stresses that the hybrid first- and third-party – and therefore "arm's length" and "adversarial" – nature of a UIM claim is important because it has led courts to require more than allegations of delay or even negligence to withstand dismissal (such as the insurer's knowledge that it had no basis to deny the claim), given the need to fully investigate. (*Id.* at 5-6 (quoting

3

*Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1145 (Pa. Super. Ct. 2006); citing *Kosierowski v. Allstate Ins. Co.*, 51 F. Supp. 2d 583, 588 (E.D. Pa. 1999) (additional citations omitted))). Accordingly, Defendant cites cases in which judges in this district court and our sister district courts within the state have held that delays of 30 days, eight to nine months, three to four years and nearly eight years did not constitute bad faith.  (*Id.* (citing *Williams v. State Farm*, 2021 WL 2661615, at *13 (E.D. Pa. June 29, 2021) (additional citations omitted))).

Turning to the facts of this case, Defendant observes that the 19 separate purportedly bad faith "actions" it took according to the complaint are in fact nothing more than "boilerplate legal conclusions" premised solely upon Plaintiff's March 7, 2024 correspondence to Defendant enclosing medical records.  (*Id.* at 7-8 (citing Compl. at ¶ 29(a)-(s))).  It highlights that nowhere does Plaintiff allege that he followed up further with Defendant or returned the requested HIPAA form; instead, he relies only on broad, unsupported allegations that it was Defendant who failed to respond to him and that Defendant has failed to pay or otherwise fairly evaluate the claim, even though such assertions have been held to lack the requisite specificity to establish bad faith. (*Id.* at 8-9 (citing *Hampton v. Progressive Ins. Co.*, 734 F. Supp. 3d 391 (E.D. Pa. May 21, 2024))).  Defendant concludes that because Plaintiff has not identified the "who, what, where, when and how the alleged bad faith occurred," his claim must fail.  (*Id.* at 9-10 (citing *Leyman v. Econ. Fire & Cas. Co.* 2023 WL 8188444, at *2 (E.D. Pa. Nov. 27, 2023) (additional citations omitted))).

Plaintiff responds with his own statement of the applicable background law, underscoring that the lack of a reasonable offer combined with undue delay, the absence of communication and the failure to investigate allows a bad faith claim to survive a motion to dismiss.  (Opp. Memo., ECF No. 8-1, at 2-4 (citing *Mailis v. GEICO Cas. Co.*, No. 2:23-CV01747-RAL, 2024

U.S. Dist. LEXIS 117842, at *7 (W.D. Pa. July 3, 2024); *Golden v. Brethren Mut. Ins. Co.*, No. 3:18-CV-02425, 2019 WL 5450837, at *3 (M.D. Pa. Oct. 24, 2019)) (additional citations omitted)).  In support of his claim, he points to several averments from his complaint, including that he provided all necessary investigative and medical documentation and complied with all "terms and conditions" required for payment, but that Defendant has nonetheless failed to fairly evaluate his claim, respond to his requests for payment, or pay him benefits in whole or in part, despite the lack of a reasonable basis for its inaction.  (*Id.* at 4-5 (citing Compl. at ¶¶ 12-15, 17-18) (case citations omitted)).  Based on these allegations, Plaintiff disputes that he failed to adequately specify the "what, where, when and how" of his claim, noting that he also identified the assigned adjuster.  (*Id.* at 6).  Alternatively, Plaintiff asks that any dismissal of his claim be without prejudice.  (*Id.*).

    In reply, Defendant reiterates that Plaintiff predicates his claim solely upon a 10-month delay between his sending Defendant a single letter purportedly attaching "all" necessary documentation and the filing of his complaint, without setting forth any specific facts regarding Defendant's investigation or follow up communications between the parties.  (Reply, ECF No. 9, at 1).  It observes that such a delay or Plaintiff's provision of supporting documents, without more, does not constitute bad faith.  (*Id.* at 1-2 (citing *Baxley v. State Farm Mut. Auto. Ins. Co.*, No. 20-5512, 2021 WL 149256, at *3 (E.D. Pa. Jan. 15, 2021) (additional citation omitted))).  Similarly, it notes that pleading supposed follow up communications without dates has been held insufficiently specific to make out a claim.  (*Id.* (citing *Yauger v. Mid-Century Ins. Co.*, No. 23-43075, 2024 WL 555883, at *4-5 (E.D. Pa. Feb. 12, 2024) (additional citation omitted))).  Defendant repeats that Plaintiff's boilerplate allegations do not suffice to withstand its motion.  (*Id.* at 2).

B. Analysis

The Pennsylvania General Assembly enacted 42 Pa. Cons. Stat. § 8371 to create a statutory cause of action for bad faith. "Although the term 'bad faith' is not defined by the Pennsylvania bad faith statute, Pennsylvania courts have interpreted it as 'any frivolous or unfounded refusal to pay proceeds of a policy.'" *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004). "Under Pennsylvania law, a plaintiff can only recover for bad faith of an insurer under 42 Pa. C.S. § 8371 if he or she shows, by clear and convincing evidence, that the insurer: (1) did not have a reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Id.*; *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017) (same). "[M]ere insinuation," speculative inferences and "broad and conclusory statements" are all insufficient. *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012); *Pasqualino*, 2015 WL 3444288, at *5; *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881 (Pa. Super. Ct. 2000) (quoting *MGA Ins. Co. v. Bakos*, 699 A.2d 751, 754-55 (Pa. Super. Ct. 1997)). The plaintiff "instead must describe with specificity what was unfair." *Pasqualino*, 2015 WL 3444288, at *5. In other words, he must "describe who, what, where, when and how the alleged bad faith conduct occurred." *Mattia v. Allstate Ins. Co.*, No. 14-2099, 2014 WL 2880302, at *4 (E.D. Pa. June 24, 2014).

Here, Plaintiff's pleading is devoid of facts that would satisfy the first prong of *Pilosi*, that the insurer "did not have a reasonable basis for denying benefits under the policy." 393 F.3d at 367. He points to no specific allegations that Defendant failed to conduct a good-faith investigation into the facts, which would constitute bad faith if proven. *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 501 (Pa. Super. Ct. 2004) (citing *Romano v. Nationwide Mut. Fire Ins.*

6

*Co.*, 646 A.2d 1228, 1232 (1994)); (*see* Compl., ECF No. 6-3, at ¶ 29(a)-(s) (setting forth vague assertions that Defendant did not properly evaluate Plaintiff's claim, communicate with him or pay his claim)). Instead, he alleges that Defendant's bad faith is evinced by the fact that, at the time of the filing of his complaint, 10 months had passed since he provided Defendant documentation without further communication from it or full or partial resolution of his claim. (Compl., ECF No. 8-3, at ¶¶ 12-15, 17-18). However, even assuming this delay was attributable to Defendant,[2] it does not suffice to demonstrate bad faith. *Williams*, 2021 WL 2661615, at *6 ("Assuming *arguendo* that the entirety of this delay was attributable to State Farm, a period of nine or ten months, without more, is insufficient to establish bad faith."); *see also Deibler v. Nationwide Mut. Ins. Co.*, 2013 WL 4511313, at *3 (W.D. Pa. 2013) (30 months not indicative of bad faith); *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994) ("mere negligence or bad judgment is not bad faith") (quotation and citation omitted).[3]

As prior courts have held, "bad faith must be found in the specific acts or omissions made by the insurance company. It is not a state of being in which insureds find themselves." *Boland*

---

[2] The Court observes that Plaintiff did not plead the dates or contents of any purported follow up communications from it to Defendant (alleging only vague "repeated requests" for benefits), nor has he averred that he ever sent Defendant the requested HIPAA form. (Compl., ECF No. 8-3, at ¶ 14); *see also Yauger v. Mid-Century Ins. Co.*, No. 23-4075-KSM, 2024 WL 555883, at *4-5 (E.D. Pa. Feb. 12, 2024) ("These allegations lack the requisite specificity, such as the dates and content of follow up communications between the parties . . . .") (citing *Clapps v. State Farm Ins. Cos.*, 447 F. Supp. 3d 293, 300 (E.D. Pa. 2020)). Nonetheless, for purposes of this motion, the Court assumes that the 10-month delay was the result of Defendant's inaction.

[3] Given Plaintiff's failure to plead specific facts showing that Defendant "did not have a reasonable basis for denying benefits under the policy," the Court has no basis to consider whether Plaintiff has sufficiently averred that Defendant knew or recklessly disregarded this lack of a reasonable basis. *Rau v. Allstate Fire & Cas. Ins. Co.*, 793 F. App'x 84, 88 (3d Cir. 2019) ("because Rau cannot demonstrate that Allstate 'did not have a reasonable basis for denying benefits[,]' [w]e do not, therefore, need to address the second requirement of a bad faith claim, 'that the insurer knew of or recklessly disregarded its lack of a reasonable basis' for denying a claim") (internal citations omitted).

*v. Nationwide Mut. Ins. Co.*, 9 Pa. D. & C.4th 27, 36 (Pa. Com. Pl. Ct. 1991).  Thus, without specific allegations beyond the existence of a 10-month delay, Plaintiff fails to meet the requirements of a bad faith claim.  Accordingly, I grant Defendant's motion and dismiss Plaintiff's bad faith claim without prejudice.

**IV.    CONCLUSION**

For the foregoing reasons, the Court grants Defendant's motion to dismiss Plaintiff's bad faith claim (Count II of the complaint).  However, such dismissal shall be without prejudice to Plaintiff's right to timely seek amendment to reinstate the claim if he can allege sufficient facts to support it.

BY THE COURT:

   /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge